By the Court.—-Sedgwick, Ch. J.
—[After stating the facts as above.]—At the time of the action for foreclosure, the plaintiff had no interest in the premises mortgaged. He was not an owner of any incumbrance upon the premises. Of course he had not any title to the second mortgage upon parcel A, and which was upon his land, parcel B. It may be supposed that upon his paying or tendering the amount of the second mortgage, he might acquire an interest in the mortgage, so far as it affected parcel A. This would have involved an affirmative act, from which he voluntarily refrained. He having no interest in the equity of redemption of parcel A. it was not required of the plaintiff in the foreclosure action to make the plaintiff here a defendant in that action, for the purpose of foreclosing such right of redemption as was connected with the second mortgage. On the other hand, this right of redemption was foreclosed, not simply because the former owner, Schwenke, who appeared upon the record to be the then present owner, was made a defendant, but because the real owner was the attorney for that plaintiff and would be by force of the record estopped from claiming that the owner of the mortgage was not foreclosed. There is, moreover, no proof that the plaintiff conspired with his attorney, who was the owner of the second mortgage, to make Schwenke a defendant, instead of the real owner, for the purpose of misleading the plaintiff, nor is there proof that he was misled thereby.
As the relief demanded upon the trial was based upon the claim to a right to redeem, there is no necessity of inquiring if the plaintiff had, at any time, any other kind of relief.
Judgment affirmed, with costs.
O’Gorman and Ingraham, JJ., concur.